# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DREW,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>B.M. TRATE, Warden,<br><br>　　　　Respondent. | Case No.: 1:23-cv-00194-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND TRANSFER ACTION<br><br>[21-DAY OBJECTION DEADLINE] |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is in the custody of the Bureau of Prisons at the U.S. Penitentiary in Atwater, California. He filed the instant federal petition on February 9, 2023. (Doc. 1.[1]) Respondent filed a motion to dismiss the petition on April 12, 2023. (Doc. 7.) Petitioner did not file a traverse. Upon review of the pleadings, the Court finds it lacks jurisdiction insofar as Petitioner fails to satisfy the "savings clause" or "escape hatch" of § 2255(e) which would permit consideration of his § 2241 petition. Therefore, the Court will recommend that Respondent's motion to dismiss the petition be GRANTED and the action be TRANSFERRED.

/////

---

[1] References are to the case docket unless otherwise noted.

1

# BACKGROUND

On April 24, 2014, Petitioner was found guilty in the United States District Court for the Western District of Tennessee of two counts of attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951, two counts of brandishing a firearm during an attempted robbery in violation of 18 U.S.C. § 924(c), and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). United States v. Drew, Case No. 2:13-cr-20067-JTF (W.D. Tenn.) (Doc. 60-61, 68.) On July 24, 2014, Petitioner was sentenced to a total determinate term of 47 years. Id. (Doc. 75-77.) Petitioner appealed to the Sixth Circuit Court of Appeals. Id. (Doc. 78.) On May 15, 2015, the appeal was denied. Id. (Doc. 89.)

On August 21, 2019, Petitioner filed a motion to vacate and set aside judgment pursuant to 28 U.S.C. § 2255. Id. (Doc. 93.) Petitioner then filed a motion for compassionate release on March 15, 2022. Id. (Doc. 96.) Petitioner also submitted several notices, letters, or motions contending he was improperly sentenced under the Armed Career Criminal Act. Id. (Doc. 94, 100, 101, 102, 103, 104.) Petitioner then filed a petition for writ of mandamus in the Sixth Circuit Court of Appeals. Id. (Doc. 105.) On December 15, 2022, the petition for writ of mandamus was dismissed by the Sixth Circuit for want of prosecution; specifically, Petitioner failed to pay the filing fee or seek a waiver of the filing fee within the allotted time. Id. (Doc. 107.)

On February 9, 2023, Petitioner filed the instant petition claiming he was illegally sentenced under the Armed Career Criminal Act. (Doc. 1.) Respondent filed a motion to dismiss the petition on April 12, 2023. (Doc. 7.)

# DISCUSSION

I.   Lack of Jurisdiction

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody.  Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir.2000) (*per curiam*).  "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241."  Stephens, 464 F.3d at 897 (citations omitted).

An exception exists by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting 28 U.S.C. § 2255); see Hernandez, 204 F.3d at 864-65.  The Ninth Circuit has recognized that it is a very narrow exception.  Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003).  The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred.  See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241 when the petitioner: (1) makes a claim of actual innocence; and (2) has never had an 'unobstructed procedural shot' at presenting the claim. Stephens, 464 F.3d at 898. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir.1963).  Here, Petitioner fails to satisfy the savings clause because he fails to present a claim of actual innocence and he fails to demonstrate that he has never had an unobstructed procedural opportunity to present his claim.

/////

/////

A.     Actual Innocence

In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898.  In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted).  Actual innocence means factual innocence, not mere legal insufficiency.  Id.

In this case, Petitioner takes issue with the sentence.  He contends that his attempted Hobbs Act robberies do not qualify as violent predicate offenses for purposes of the Armed Career Criminal Act.  In Allen v. Ives, 950 F.3d 1184 (9th Cir. 2020), the Ninth Circuit held that a petitioner may be entitled to the benefit of the escape hatch if he can establish actual innocence of a mandatory sentencing enhancement. Id. at 1189-1190.  Subsequently, the Court of Appeals clarified that Allen is limited to petitioners who "received a mandatory sentence under a mandatory sentencing scheme." Shepherd v. Unknown Party, Warden, FCI Tucson, 5 F.4th 1075, 1077 (quoting Allen, 976 F.3d at 869 (W. Fletcher, J. concurring in the denial of the petition for rehearing *en banc*)).  In 2005, the Supreme Court held that constitutional constraints rendered the guidelines advisory only.  See United States v. Booker, 543 U.S. 220, 245 (2005).  Shepherd was sentenced after the guidelines became advisory; therefore, the Ninth Circuit determined that Allen did not apply and Shepherd could not demonstrate actual innocence.  Likewise, here, Petitioner was sentenced when the guidelines were advisory. Therefore, Allen does not apply and Petitioner's claim of actual innocence fails, since claims of sentencing error have nothing to do with factual innocence of the crimes of conviction and are insufficient to invoke the savings clause. See Frank v. Banks, 2011 WL 3477096, at *3–5 (C.D. Cal. July 15, 2011), *adopted*, 2011 WL 3476602 (C.D. Cal. Aug. 9, 2011) (agreeing that "every circuit" to have addressed the issue "has concluded that the savings clause embodied in § 2255(e) requires a claim of actual innocence directed to the underlying conviction, not merely the sentence"). Petitioner's failure to assert a claim of factual innocence alone bars him from qualifying for the § 2255

escape hatch. Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012) (availability of § 2255 escape hatch foreclosed where petition fails to make plausible showing of actual innocence).

B.  Unobstructed Procedural Opportunity

The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Ivy, 328 F.3d at 1060 ("In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion.").

Here, Petitioner had and still has unobstructed procedural opportunities to present his claims. Petitioner raised the instant claims in his § 2255 proceeding in the sentencing court. According to the docket, it appears the action is still ongoing. See United States v. Drew, Case No. 2:13-cr-20067-JTF (W.D. Tenn.). Petitioner fails to demonstrate that relief is unavailable in the sentencing court.

Accordingly, the Court concludes that Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Section 2241 is not the proper statute for raising Petitioner's claims.

II.  Transfer

Because Petitioner does not qualify for either prong of the § 2255 savings clause, and this action should be heard if at all in the sentencing court, this Court may consider transferring this action to the sentencing court if appropriate. See 28 U.S.C. § 1631 (Court may transfer this action in the interests of justice "to any other such court in which the action or appeal could have been brought at the time it was filed or noticed"). Normally, transfer will be in the interest of justice because dismissal of an action that could have been brought elsewhere is "time-consuming and justice-defeating." Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990) (citations omitted).

Because Petitioner has an ongoing § 2255 proceeding in the sentencing court, and the claims Petitioner raises are essentially the same as those he is pursuing in the § 2255 proceeding, this Court finds that the interests of justice would be served by transferring the case to the United States District Court for the Western District of Tennessee to assess whether the petition should be considered an amended motion or dismissed as duplicative or successive.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss be GRANTED and the Petition for Writ of Habeas Corpus be TRANSFERRED to the United States District Court for the Western District of Tennessee for further proceedings as warranted.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to objections must be filed within ten (10) court days of the date of service of objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 8, 2023**                    /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE